## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## No. 5:07-MC-5

| | | |
|---|---|---|
| AMERICAN SECURITY INSURANCE COMPANY, BRIAN DOCKERY, and RONALD STRNAD, | ) ) ) ) | Regarding Subpoenas Issued in Connection with Case #: 2:06-cv-273-FtM-29SPC (Louise McDonald v. American Security Insurance Company) |
| Movants, | ) ) | |
| vs. | ) ) | |
| LOUISE MCDONALD, | ) ) | United States District Court for the Middle District of Florida Fort Myers Division |
| Respondent. | ) ) ) | |

**THIS MATTER** comes before the Court on Motions To Quash Plaintiff's Subpoenas Duces Tecum and on Motions For A Protective Order, filed on behalf of Brian Dockery ("Dockery"), Ronald Strnad ("Strnad"), and American Security Insurance Company ("ASIC"). (Documents ## 1, 2). Dockery and Strnad seek to quash subpoenas duces tecum issued by Plaintiff Louise McDonald ("Plaintiff"), noticing their depositions for May 18, 2007. In light of the instant motions, the depositions did not proceed on that date.

### A. Applicable Standards / Fed. R. Civ. P. 26(c)[1] and 45(c)

Rule 45(c) governs the instant motion and provides as follows:

**(c) Protection of Persons Subject to Subpoenas.**
**(1)** A party or an attorney responsible for the issuance and service of a subpoena **shall take**

---

[1] Rule 26(c), entitled "Protective Orders," provides:

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

1

> **reasonable steps to avoid imposing undue burden** or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty . . .
>
> ***
>
> **(3)(A)** On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> **(iv)** subjects a person to undue burden.

FED. R. CIV. P. 45(c)(1) and (c)(3)(A)(iv).

## B. Discussion

Dockery is a field claims adjustor with an ASIC branch located in Iredell County, North Carolina. (Dockery Aff. ¶1). ASIC and Dockery contend that Dockery's involvement with the claim at issue is limited to requesting that an independent adjustor inspect the subject property. (Dockery Aff. ¶3). Plaintiff, however, wishes to question Dockery not only concerning his involvement with this claim but also to ask what training Dockery had to deal with demands like the one in the instant case, what instructions he was given by his superiors, all communications he had regarding the claim, and why the independent adjuster did not ultimately appraise the property. (Resp. Opp'n Mot. Quash Dockery ¶5).

Strnad is employed by ASIC in Union County. (Strnad Aff. ¶1). According to ASIC and Strnad, Strnad has no knowledge in the present case other than the information he garnered from being copied as a recipient on several emails concerning the claim at issue. (Strnad Aff. ¶3). Despite this, Plaintiff wishes to question Strnad about the handling of her claim. Plaintiff believes that her demand for an appraisal was routed through Strnad's office, and she wishes to inquire about Strnad's actions with regards to this package. (Resp. Opp'n Mot. Quash Strnad ¶5).

Plaintiff's requests and the reasons advanced for deposing Dockery and Strnad are legitimate. Deposing these witnesses is reasonably calculated to lead to discoverable information.

2

Therefore, the subpoenas for Strnad and Dockery should be enforced unless they would impose an undue burden or expense on the subjects of the subpoenas. FED. R. CIV. P. 45 (c)(3)(A)(iv). Here, neither ASIC nor the non-party deponents have satisfied their burden to show that compliance with the subpoenas would be unduly burdensome. No specific reason has been offered to establish why being deposed will constitute an undue burden for either Dockery or Strnad. Both witnesses work within driving distance of the locations where their depositions were to be held.[2] Although some of the attorneys involved in this case live as far away as Florida, the Plaintiff can alleviate the burden and expense of travel by scheduling the two depositions for the same date.[3] For these reasons, the Motions to Quash the subpoenas for Dockery and Strnad are <u>denied</u>.

Additionally, ASIC, Dockery, and Strnad object to Plaintiff's duces tecum request that the deponents bring with them certain documents pertaining to the subject matter of the litigation. Plaintiff is entitled to know what sources Dockery and Strnad, Defendant's employees, may have consulted when handling her claim. Plaintiff is also entitled to any documents relating to her claim that were under the control or possession of either Dockery or Strnad. Therefore, the Motions to Quash the production of these documents are <u>denied</u>. Plaintiff's request for these documents will be allowed, but only to the extent that the documents requested are or formerly were in the possession of or under the control of Dockery and Strnad. This includes all requested documents that Dockery and Strnad had access to at their particular branches or workplaces, and any requested communications that Dockery or Strnad had with other parties.

---

[2]Dockery's deposition was scheduled for Mooresville, NC, which is also the location of his office. Strnad's deposition was to be held in Charlotte, NC, which is within 30 miles of his place of work.

[3]In fact, Plaintiff attempted to do just this through her original subpoenas.

3

## C. Order

**IT IS HEREBY ORDERED** that the Motions To Quash Subpoenas Duces Tecum are, in conformity with this order, **DENIED** with respect to both witnesses. Accordingly, Brian Dockery and Ronald Strnad <u>shall</u> appear for deposition by Plaintiff with the requested documents at a date and time mutually agreed upon by the parties.

Signed: June 26, 2007

Richard L. Voorhees
United States District Judge